Filed 11/17/23  P. v. McGee CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES SHELDON MCGEE,<br><br>    Defendant and Appellant. | C096861<br><br>(Super. Ct. No. CR20027423) |

Penal Code section 1172.75 declares that sentence enhancements imposed prior to 2020 pursuant to Penal Code former section 667.5, subdivision (b) for prior prison terms for nonviolent felonies are legally invalid, with an exception not relevant here.  (Pen. Code, § 1172.75, subd. (a) [Stats. 2021, ch. 728 (Sen. Bill No. 483), § 3, former § 1171.1] [statutory section citations that follow are found in the Penal Code unless otherwise stated].)  We note that, for the sake of consistency, we will refer to the statute as section 1172.75 even if at the relevant time it was former section 1171.1.

1

Section 1172.75 sets forth a process for prisoners who received an enhancement under section 667.5, subdivision (b) to be resentenced by the trial court. The Secretary of the Department of Corrections and Rehabilitation (Department) and county correctional administrators must identify the affected defendants to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).) If the sentencing court verifies that the current judgment includes an enhancement imposed under section 667.5, subdivision (b), it must recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).)

Section 1172.75 also requires that, as part of the resentencing, the trial court must resentence the defendant pursuant to the Judicial Council's sentencing rules and any other changes in law that reduce sentences or provide for judicial discretion to eliminate sentencing disparities and promote sentencing uniformity, such as subdivision (c) of section 1385 regarding the dismissal of enhancements. (§ 1172.75, subd. (d)(2).)

A jury convicted defendant Charles Sheldon McGee in 2002 of second-degree robbery and found true a deadly weapon use enhancement. The trial court sentenced him to an indeterminate term under the three strikes law plus additional terms for the weapon enhancement, one prior prison enhancement for a violent felony, and one prior prison enhancement for a nonviolent felony under former section 667.5, subdivision (b). The court stayed execution of a second violent felony prison prior and a second nonviolent felony prison prior.

In 2022, defendant requested the trial court resentence him pursuant to section 1172.75 by striking his nonviolent prison priors. His attorney subsequently filed a motion pursuant to sections 1172.75 and 1385 for resentencing and to strike defendant's prior strikes and enhancements.

The trial court granted the motion in part. It struck defendant's nonviolent prison priors and one violent prison prior. But it did not strike any of defendant's strikes or impose a different sentence on the robbery conviction.

Defendant contends on appeal that the trial court erred by not dismissing his prior strike convictions and the weapon enhancement pursuant to section 1385, subdivision (c) as part of his resentencing under section 1172.75. He also claims the court erred by failing to consider evidence of racial disparities in three-strikes sentencing in Yolo County as purportedly required by section 745, subdivision (a)(4), part of the California Racial Justice Act of 2020 (Stats. 2020, ch. 317 [Assem. Bill No. 2542], § 3.5).

We asked the parties to address in supplemental briefing whether the trial court had jurisdiction to hear defendant's motion for resentencing and any motion for resentencing defendant may have brought under the Racial Justice Act. The parties have submitted their supplemental briefs and we have considered them.

We reverse the trial court's judgment. The trial court did not have jurisdiction to hear defendant's motion because the motion violated the process set forth in section 1172.75 for the Department to first identify defendant to the trial court and the trial court to recall the sentence. We also will not grant relief under the Racial Justice Act, as defendant's request is untimely.

## FACTS AND HISTORY OF THE PROCEEDINGS

In 2002, a jury found defendant guilty of second-degree robbery, assault with a deadly weapon, and failure to register. (§§ 211; 245, subd. (a)(1); then 290, subd. (g)(2).) The jury also found that defendant used a deadly weapon (a knife) in committing the robbery. (§ 12022, subd. (b)(1).) The trial court found that defendant had four prior strike convictions, two prison priors for violent felonies, and two prison priors for nonviolent felonies. (§§ 667, subd. (e)(2); former 667.5, subds. (a), (b).) (*People v. McGee* (Apr. 15, 2005, C045065) [nonpub. opn.].)

At sentencing, the trial court struck one of the prior strikes. It sentenced defendant to a prison term of 30 years to life: 25 years to life under the three strikes law for the robbery plus one year for the knife enhancement, three years for one of the violent felony

3

prison priors, and one year for one of the nonviolent felony prison priors. The court stayed sentences for the assault and the other prison priors under section 654. (*People v. McGee, supra*.) On appeal, this court reversed the registration conviction. (*Ibid*.)

By letter dated March 13, 2022, defendant acting pro. per. requested resentencing under then-newly enacted section 1172.75, for the court to strike his nonviolent prison prior. Defense counsel subsequently filed a motion on June 3, 2022, for resentencing and also to strike defendant's prior strikes and enhancements pursuant to section 1172.75 and section 1385.

The trial court struck the nonviolent prison priors by operation of law. It did not strike any strikes or resentence on the robbery, finding that defendant had not made progress in prison and that he had not presented evidence of localized racial impacts on sentencing. The court retained the 25-years-to-life sentence along with the one-year weapon enhancement. That left a sentence of over 20 years, a factor that required dismissing enhancements under section 1385, subdivision (c) in the furtherance of justice unless doing so endangered public safety. (§ 1385, subd. (c)(2)(C).) The court found that the interest of justice favored striking the three-year enhancement for the violent-felony prison prior. It imposed an aggregate prison term of 26 years to life. The amended abstract of judgment lists no enhancements found to be true other than the weapon enhancement.

DISCUSSION

I

*Jurisdiction to Hear Defendant's Motion*

Generally, a trial court loses jurisdiction to vacate or modify a sentence after judgment has been rendered and execution of the sentence has begun. (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) Under one exception to this rule, a trial court retains jurisdiction to resentence a defendant "pursuant to 'specific statutory avenues for

4

incarcerated defendants to seek resentencing in particular cases,' or pursuant to a 'properly filed' habeas corpus petition." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 381 (*Burgess*), quoting *People v. King* (2022) 77 Cal.App.5th 629, 637.)

Section 1172.75 does not provide defendant a statutory avenue for him to initiate resentencing. Nothing in the statute grants defendant the right to file a motion for resentencing. Instead, the statute requires the Department and the county correctional administrator to identify for the sentencing court persons currently serving a prison term that includes an enhancement for a nonviolent felony prior under former section 667.5, subdivision (b). (§ 1172.75, subd. (b).) Under timelines contained in the statute, the Department was to have completed this task by July 1, 2022. (§ 1172.75, subd. (b).)

Section 1172.75 then requires the sentencing court, after receiving this information, to review the affected judgment and verify it contains a sentence enhancement for a nonviolent felony prior. (§ 1172.75, subd. (c).) If it does, the court must recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).) The sentencing court was required to complete its review and resentencing by October 1, 2022, for persons who had completed serving their base term and were currently serving the enhancement. (§ 1172.75, subd. (c)(1).) The sentencing court is required to complete its resentencing for all other individuals by December 31, 2023. (§ 1172.75, subd. (c)(2).)

Although defendant's nonviolent felony priors are legally invalid, the trial court had no jurisdiction to act upon them until it received the required information from the Department and recalled the sentence. "[T]he Legislature provided an express system for the orderly implementation of relief for affected defendants to receive the benefit of the amended law in a timely manner. Under this express procedure, any review and verification by the court in advance of resentencing is only triggered by receipt of the necessary information from the [Department] or a county correctional administrator, not by any individual defendant. (§ 1172.75, subds. (b)-(c).) Thus, section 1172.75 simply

5

does not contemplate resentencing relief initiated by any individual defendant's petition or motion." (*Burgess, supra*, 86 Cal.App.5th at p. 384.)

Defendant acknowledges the holding in *Burgess* and that at least two other reported cases have expressly agreed with *Burgess*. (See *People v. Escobedo* (2023) 95 Cal.App.5th 440, 447-449; *People v. Newell* (2023) 93 Cal.App.5th 265, 268.) However, he contends that *Burgess* was wrongly decided. He asserts that a case decided one month before *Burgess*, *People v. Monroe* (2022) 85 Cal.App.5th 393 (*Monroe*), establishes that a court has jurisdiction to hear a prisoner's motion under section 1172.75. The case does not go that far.

In *Monroe*, the defendant filed a pro. per. motion with the sentencing court under section 1172.75 about two months before that statute became effective for dismissal of his prison priors after having first filed a motion for relief from firearm enhancements under Senate Bill No. 620 (Stats. 2017, ch. 682, §§ 1, 2). (*Monroe, supra*, 85 Cal.App.5th at p. 397.) The trial court dismissed the defendant's prison priors under section 1172.75 but ruled the defendant was not eligible for relief under Senate Bill No. 620. (*Id.* at p. 398.) The Court of Appeal held that when a court resentences a defendant under section 1172.75, the defendant is entitled to a full resentencing, including application of Senate Bill No. 620 for striking firearm enhancements and Senate Bill No. 1393 (Stats. 2018, ch. 1013, §§ 1-2) for striking serious felony enhancements. This is so even if the defendant was individually ineligible for retroactive sentencing under those statutes. (*Monroe*, at p. 402.)

The *Monroe* court acknowledged that once the Department identified persons currently serving a term that includes a prison prior, the sentencing court must recall the sentence and resentence the defendant, but the court did not say whether that had happened. (*Monroe, supra*, 85 Cal.App.5th at p. 399.) There is no discussion in the opinion of whether the trial court lacked jurisdiction to hear the defendant's motion under section 1172.75 or the appellate court lacked jurisdiction to hear the appeal.

6

Reported opinions are not authority for propositions not considered. (*People v. Jennings* (2010) 50 Cal.4th 616, 684.)  Defendant, however, argues that because an appellate court has a duty to dismiss on its own motion an appeal from a nonappealable order, the *Monroe* court's silence on any jurisdictional issue suggests it did not believe the section 1172.75 order before it was not appealable for lack of jurisdiction.  We will make no inference from the *Monroe* court's omission of analysis on this issue.  Moreover, the opinion is not binding precedent on us (*McGlothlen v. Department of Motor Vehicles* (1977) 71 Cal.App.3d 1005, 1017), and to the extent it can be read to grant a prisoner a right to initiate resentencing by motion under section 1172.75, we must disagree.

As the *Burgess* court explained, there is a valid reason why the Legislature conditioned relief under section 1172.75 on notification from the Department.  The Legislature staggered the schedule between the two groups of inmates to minimize the impact on trial courts as well as to ensure that "those inmates currently serving time on the invalid enhancements are prioritized for relief, so they do not lose the benefit of the ameliorative change in the law." (*Burgess, supra*, 86 Cal.App.5th at pp. 382-383.)  Granting a right of motion where none exists interferes with the Legislature's intent to stagger relief under section 1172.75.

Defendant argues that *Burgess* does not recognize that the Legislature must manifest a clear intent to deprive a trial court of subject matter jurisdiction, and there is no such expression of intent in section 1172.75.  But because defendant has already been sentenced and begun his prison term, we presume the trial court has no jurisdiction to reconsider his sentence unless the Legislature expressly vests such jurisdiction in the trial court. (*People v. Karaman, supra*, 4 Cal.4th at p. 344; *People v. King, supra*, 77 Cal.App.5th at p. 637.)

In this instance, the Legislature conditioned the exercise of discretion under section 1172.75 on the trial court's receipt of notice from the Department and then

7

recalling the sentence.  Until those events occur, the trial court has no jurisdiction to entertain defendant's request.  Because the trial court lacked jurisdiction to rule on defendant's motion, its judgment is void.  (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 200.)  Where there is an appeal from a void judgment, our jurisdiction is limited to reversing the trial court's void acts.  (*Ibid*.)

## II

### *Racial Justice Act*

The Racial Justice Act is codified in a number of statutes in the Penal Code. (§§ 745; 1473, subd. (f); 1473.6, subd. (a)(3).)  It prohibits convictions and sentencing based on race, ethnicity, or national origin.  (§ 745, subd. (a).)  Of relevance here is subdivision (a)(4) of section 745 (section 745(a)(4)).  Under that provision, a discriminatory racial impact exists in a defendant's sentencing if (1) a longer or more severe sentence was imposed on the defendant than was imposed on other similarly situated defendants convicted of the same offense, and (2) longer or more severe sentences were more frequently imposed for the same offense either (a) on people of defendant's race, ethnicity, or national origin than on defendants of other races, ethnicities, or national origins in the county where the sentence was imposed, or (b) on defendants in cases with victims of one race, ethnicity, or national origin than in cases with victims of other races, ethnicities, or national origins in the county where the sentence was imposed.  (§ 745, subd. (a)(4).)

The statute can apply to a post-judgment case in at least two ways.  When a trial court is considering dismissing enhancements under section 1385, subdivision (c), as may be done when the court recalls a sentence under section 1172.75, if applying the enhancement would result in a discriminatory impact under section 745(a)(4), the trial court is to give that mitigating circumstance great weight when determining whether to dismiss an enhancement.  (§ 1385, subd. (c)(2)(A).)

8

A defendant may also seek post-judgment sentencing relief under section 745 independently of section 1385, subdivision (c). The defendant may seek relief either by filing a petition for habeas corpus or, if the defendant is no longer in criminal custody, by filing a motion to vacate the conviction or sentence under section 1473.7. (§ 745, subd. (b); *Young v. Superior Court* (2022) 79 Cal.App.5th 138, 148.)

The Racial Justice Act also provides a discovery provision. Under that provision, a defendant may file a motion requesting the prosecution to disclose all evidence relevant to a potential violation of the act in the state's possession or control. (§ 745, subd. (d).) The trial court shall order the records to be released upon a showing of good cause. (§ 745, subd. (d).)

The Legislature staggered section 745's effective dates for cases which were final. (§ 745, subd. (j).) Section 745 does not apply to defendant's case until January 1, 2024. (§ 745, subd. (j)(3).)

In his motion for resentencing under section 1172.75, defendant asked the court to dismiss his strikes and enhancements pursuant to section 1385, subdivision (c). He contended that enhancements for purposes of section 1385, subdivision (c) included his strike priors. He argued the court should dismiss the enhancements because their application resulted in a racially discriminatory impact in violation of section 745(a)(4), and he asked the court to give great weight to that factor.

Defendant filed a motion for discovery under the Racial Justice Act. He later withdrew the motion because the prosecution had informed him it might not be able to obtain the requested data. The case was old, and the data was not collected when he was convicted.

Addressing racial impact at the hearing on defendant's motion, the trial court acknowledged that institutional racism had affected sentencing in the state and across the country, but the statute required the court to use localized factors to address the impact.

9

Defendant had not presented any factors localized to Yolo County, so the court could not consider that factor.

There is no dispute that defendant asked the court in its section 1172.75 motion to give great weight to the discriminatory impact that applying his enhancements would cause. The parties dispute whether defendant also brought a separate motion for relief under the Racial Justice Act. But no matter what defendant did, any contention he had under the Racial Justice Act was not raised in a timely manner.

Defendant's claim under section 1385 arose solely because he sought relief under section 1172.75. We have already determined that the trial court lacked jurisdiction to hear that motion when it did. Hence, it also lacked jurisdiction to hear defendant's contentions under section 1385 as part of that motion.

To the extent defendant sought independent relief under the Racial Justice Act, his claim was not ripe. The act does not apply to him until January 1, 2024. And even then, his avenue for relief will be a petition for habeas corpus, not a motion. He did not file a petition for habeas corpus in the trial court.

Acknowledging this point, defendant asks us to treat his motion, assuming one was filed, as a timely filed petition for writ of habeas corpus in the interest of judicial economy and the furtherance of justice. Such a petition, however, is not timely filed, as the act does not yet apply to defendant. We thus decline to reach defendant's arguments under the Racial Justice Act without prejudice to defendant seeking timely relief in the trial court by way of petition for habeas corpus once the act becomes effective as to him.

## DISPOSITION

The trial court's judgment is void and is therefore reversed.

_____
HULL, J.

We concur:

_____
EARL, P. J.

_____
MESIWALA, J.

11